UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON RAY NEWSOME, | No. 2:23-cv-00151-CKD |
| Plaintiff, | |
| v. | ORDER |
| F. MOHMAND, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## I. Motion to Appoint Counsel

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

## II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

### III.   Allegations in the Complaint

At all times relevant to the allegations in the complaint, plaintiff was an inmate at the California Medical Facility ("CMF").  Plaintiff sues the warden, associate warden, several correctional officers as well as two medical doctors at CMF in their individual and official capacities.

Plaintiff alleges that beginning on or about May 25, 2020, defendant Mohmand, a correctional officer in the Outpatient Housing Unit ("OHU"), initiated a racist campaign of retaliation against him because he befriended a Jewish inmate and was, therefore, a "bad Muslim."  These acts of retaliation included issuing false disciplinary charges against plaintiff, destroying boxes of his legal property, firing him from his porter job, refusing to let him out of his dorm, and verbal abuse.  The ultimate goal of defendant Mohmand was to get plaintiff

transferred out of the OHU. Defendant Rodriguez, another correctional officer in the OHU, conspired with defendant Mohmand to issue plaintiff false disciplinary charges. Two days after meeting with defendant Mohmand, Dr. Dhillon discharged plaintiff from the OHU without a medical evaluation justifying this change. Plaintiff indicates that he notified the warden, associate warden, and supervisory staff about defendant Mohmand's racial retaliation by sending them inmate grievances, but they did nothing. Defendant Mohmand's wrongful conduct continued.

By way of relief, plaintiff seeks a declaratory judgment as well as monetary and punitive damages.

### IV. Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

#### A. Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B. Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own

4

misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### C. Official Capacity Claims

"Official-capacity suits… generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (internal quotation marks omitted); see also Community House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 966-67 (9th Cir. 2010) (emphasizing the distinction between individual and official capacity suits). Therefore, claims against defendants in their official capacity are functionally claims against the State of California. See, e.g., Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1250 (9th Cir. 2016) ("When a county official like Sheriff Arpaio is sued in his official capacity, the claims against him are claims against the county."). The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). California has not waived its Eleventh Amendment immunity with respect to claims brought under 42 U.S.C. § 1983 in federal court. Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999). Since CDCR is a state agency, defendants who are its employees, are immune from suit for monetary damages in their official capacity.

### D. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).

5

Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

### E. Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")

RLUIPA prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means.'" Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (internal quotations and citations omitted). The plaintiff bears the initial burden of demonstrating that an institution's actions have placed a substantial burden on plaintiff's free exercise of religion. To state a cognizable claim under RLUIPA, plaintiff must specify how the defendant denied him access to religious services. In this regard, plaintiff must link any RLUIPA claim to the defendant's specific conduct. Plaintiff is advised that monetary damages are not available under RLUIPA against state officials sued in their individual capacities. See Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015) ("RLUIPA does not authorize suits for damages against state officials in their individual capacities because individual state officials are not recipients of federal funding and nothing in the statute suggests any congressional intent to hold them individually liable."). RLUIPA only authorizes suits against a person in his or her official or governmental capacity. See Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014).

### F. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff can establish an equal protection claim by showing that the defendant has intentionally discriminated against him on the basis of the plaintiff's membership in a protected class, Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Thornton v. City of St. Helens, 425 F.3d

1158, 1167 (9th Cir. 2005), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

"In the prison context, however, even fundamental rights such as the right to equal protection are judged by a standard of reasonableness, specifically whether the actions of prison officials are "reasonably related to legitimate penological interests." Walker v. Gomez, 370 F.3d 969, 974 (9th Cir.2004), citing Turner v. Safley, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interest."). However, to the extent plaintiff's claims are based on racial discrimination, any legitimate penological interests are irrelevant to his claim. See Johnson v. California, 543 U.S. 499, 510 (2005). The deferential standard of review that allows the Court to consider whether the actions of prison officials are reasonably related to legitimate penological interests does not apply to classifications based on race; such classifications remain subject to strict scrutiny. Id.

While use of the offending words does not itself state an Equal Protection claim, Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir.1997) (citation omitted), the abusive language nevertheless suggests that the accompanying conduct may have been motivated by discriminatory intent.

**G. Deliberate Indifference to a Serious Medical Need**

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

7

condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839.  A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

### H. Conspiracy

To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights.  Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989).  Plaintiff must also

show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy. Id. "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989) ).

The federal system is one of notice pleading, however, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." Id.

**V.  Analysis**

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim First Amendment retaliation claim and Fourteenth Amendment equal protection claim against defendant Mohmand in his individual capacity only. See 28 U.S.C. § 1915A. However, plaintiff's official capacity claims are barred by the Eleventh Amendment. See Quern v. Jordan, 440 U.S. 332 (1979). The court further finds that the complaint does not state a cognizable claim against defendants Cueva, Snelling, Ali, Thurmon, and Leali based solely on their supervisory positions. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Nor does plaintiff adequately link defendant Osmond to any of the alleged constitutional violations. Further, plaintiff's allegations of defendant Rodriguez's involvement in a conspiracy are entirely conclusory. The complaint does not adequately allege an Eighth Amendment deliberate indifference claim against defendant Dhillon for transferring plaintiff out of the OHU because plaintiff does not describe what physical harm this caused him. Nor does it allege a First Amendment retaliation claim against defendant Dhillon because plaintiff does not indicate that the transfer decision was based on plaintiff's protected conduct. For all these

reasons, the court finds that the allegations in the complaint fail to state a cognizable claim against defendants Cueva, Snelling, Ali, Thurmon, Leali, Dhillon, Osmond, and Rodriguez.

To the extent that plaintiff contends that all defendants violated RLUIPA in count two, the courts finds that these allegations do not state a claim because plaintiff does not identify how their conduct prevented him from freely exercising his religion. Nor does RLUIPIA provide for monetary damages which plaintiff seeks in this action. See Jones v. Williams, 719 F.3d 1023, 1031 (9th Cir. 2015). Based on these deficiencies with the remaining claims and defendants, plaintiff may choose to proceed immediately on the First and Fourteenth Amendment claims against defendant Mohmand, or he may attempt to cure these defects by filing a first amended complaint. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (finding that district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff elects to proceed with the cognizable claims against defendant Mohmand, the court will construe plaintiff's election as consent to dismiss the remaining claims and defendants without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

**VI.     Leave to Amend**

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VII.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not.  You must decide if you want to (1) proceed immediately on the cognizable First and Fourteenth Amendment claims against defendant Mohmand; or, 2) amend the complaint to fix the problems identified in this order with respect to the remaining claims and defendants.  Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next.  If you do not return this Notice, the court will order service of the complaint only on the claims found cognizable in this screening order and will dismiss the remaining claims and defendants without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for the appointment of counsel (ECF No. 5) is denied without prejudice.

4. Plaintiff has the option to proceed immediately on the First and Fourteenth Amendment claims against defendant Mohmand.  In the alternative, plaintiff may choose to amend the complaint to attempt to fix the deficiencies identified in this order with respect to the

1  remaining claims and defendants.

2      5. Within 21 days from the date of this order, plaintiff shall complete and return the

3  attached Notice of Election form notifying the court whether he wants to proceed on the screened

4  complaint or whether he wants time to file a first amended complaint.

5      6. If plaintiff elects to proceed with the claims found cognizable against defendant

6  Mohmand, the court will construe plaintiff's election as consent to dismiss the remaining claims

7  and defendants without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

8      7. If plaintiff fails to return the attached Notice of Election within the time provided, the

9  court will construe this failure as consent to dismiss the deficient claims and proceed only on the

10 cognizable claims identified above.

11 Dated:  May 8, 2023

12                                               CAROLYN K. DELANEY

13                                               UNITED STATES MAGISTRATE JUDGE

20 12/news0151.B+31.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON RAY NEWSOME,<br><br>    Plaintiff,<br><br>v.<br><br>F. MOHMAND, et al.,<br><br>    Defendants. | No. 2:23-cv-00151-CKD<br><br><br><br>NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_  Plaintiff wants to proceed immediately on the First and Fourteenth Amendment claims against defendant Mohmand.  Plaintiff voluntarily dismisses the remaining claims and defendant;

**or**

\_\_\_\_\_  Plaintiff wants time to file a first amended complaint.


DATED:


                                                                Plaintiff