1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHELDON RAY NEWSOME,                        No.  2:23-cv-0151 CKD P

12              Plaintiff,

13        v.                                     ORDER

14   F. MOHMAND, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.   Both parties have consented to have all matters in this action before a United

19   States Magistrate Judge.  See 28 U.S.C. § 636(c).

20        On July 16, 2024, defendant Mohmand (defendant) filed a motion to compel plaintiff to

21   provide responses to certain requests for discovery.  On August 20, 2024, because plaintiff had

22   not responded to the motion, plaintiff was ordered to file a response.  The court extended the

23   deadline to file a response to November 8, 2024, following plaintiff's October 2, 2024, request for

24   more time.  Despite plaintiff being specifically warned that failure to file a response to the motion

25   to compel could result in dismissal pursuant to Fed. R. Civ. P. 41(b), plaintiff has not filed a

26   response.

27        "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

28   action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

                                              1

1   1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

2   court order the district court must weigh five factors including: '(1) the public's interest in

3   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

4   prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

5   (5) the availability of less drastic alternatives.' "  Ferdik, 963 F.2d at 1260-61 (quoting Thompson

6   v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)).

7        The first two factors support dismissal.  Plaintiff has significantly delayed discovery by

8   his failure to respond to defendant's pending motion and the court should not waste limited

9   judicial resources on a litigant who refuses to cooperate in discovery or follow directions

10  concerning discovery.

11       The third factor, prejudice to defendant from plaintiff's failure to oppose the discovery

12  motion, also favors dismissal.  Plaintiff's refusal to cooperate results in added litigation costs to

13  defendant and in defendant being foreclosed from information to which he may be entitled to

14  defend against the remaining claims.

15       The fifth factor favors dismissal.  Defendant is entitled to engage in discovery.  There is

16  no other alternative to dismissal if a plaintiff refuses to participate.

17       While public policy favoring disposition of cases on their merits weighs against dismissal

18  of this action as a sanction, this one factor does not outweigh the remaining ones which all

19  strongly support dismissal.  See Ferdik, 963 F.2d at 1263.

20       Accordingly, IT IS HEREBY ORDERED that:

21       1. Defendant Mohmand's July 16, 2024, motion to compel (ECF No. 50) is denied as

22  moot; and

23  /////

24  /////

25  /////

26  /////

27  /////

28  /////

1    2.  This action is dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2 Dated:  November 26, 2024

3                   _____

4                   CAROLYN K. DELANEY
                     UNITED STATES MAGISTRATE JUDGE

5 .

6

7 1
 news0151.41(b)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28